The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: March 19 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 08-35508 |
| | ) | |
| GOE Lima, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 09-3204 |
| | ) | |
| GOE Lima, LLC, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Ohio Farmers Insurance Company | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER REGARDING
MOTION FOR RELIEF FROM ABEYANCE ORDER**

On October 13, 2009, based on a stipulation of the parties, the court entered an order holding this adversary proceeding in abeyance pending completion of arbitration proceedings between Plaintiff GOE Lima, LLC, ("GOE") and Third-Party Defendant Smith-Boughan, Inc. ("Smith-Boughan"), on claims asserted in Adversary Proceeding No. 09-3020. GOE is the debtor is the underlying Chapter 11 case. This

proceeding now is before the court on a motion filed by Defendant Ohio Farmers Insurance Company ("OFIC") for relief from the October 13, 2009, order to permit OFIC to file, and this court to decide, a motion for summary judgment ("Motion"), [Doc. # 27], and the opposition filed by PEA Lit, LLC ("PEA"), [Doc. # 32].[1]  The court held a hearing on the motion at which attorneys for PEA and OFIC attended in person.  An attorney for the Liquidating Trustee under Plaintiff's confirmed Chapter 11 plan attended by telephone.  Having considered the parties' briefs and the arguments of counsel, for the reasons that follow, OFIC's Motion will be granted.

## BACKGROUND

In 2006, GOE entered into a contract with Smith-Boughan for Smith-Boughan to provide certain services in connection with construction of an ethanol facility on GOE's property in Lima, Ohio ("Construction Contract").  The Construction Contract includes the following provisions:

> **§ 4.6.3.1** If a claim is not resolved through mediation, the sole remedy of any party to the mediation process shall be to make a written demand for binding arbitration. . . .  Such arbitration shall be conducted by a panel of three arbitrators . . . in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect unless the parties agree otherwise. . . .  Notice of demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association. . . .
>
> **§ 4.6.3.2** The parties agree that all parties necessary to resolve a claim shall be parties to the same dispute resolution proceeding.  Appropriate provisions shall be included in all other contracts relating to the Work to provide for the consolidation of such dispute resolution proceedings.

[Doc. 1, Complaint, ¶ 2 & Ex. B, pp. 28-29].

OFIC, as surety, and Smith-Boughan, as Contractor/principal, executed a Performance Bond for the benefit of GOE, designated therein as Owner. [*Id.*, ¶ 3 & Ex. C].  The first paragraph of the Performance Bond incorporates by reference the underlying Construction Contract as follows:

> The Contractor and the Surety, jointly and severally bind themselves, their heirs, executors, administrators, successors and assigns to the Owner for the performance of the Construction Contract, which is incorporated herein by reference.

[*Id.*, ¶ 1].  The Performance Bond sets forth certain steps that GOE must take before OFIC's obligations

---

[1] Although PEA was not a party entitled to participate in this adversary proceeding at the time its opposition was filed, the court has since granted its motion to intervene as of right.

under the Bond arise.[2] [*Id.*, ¶ 3].

Various disputes arose between GOE and Smith-Boughan, and GOE terminated the Construction Contract on September 28, 2007. On October 14, 2008, GOE filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On January 30, 2009, Smith-Boughan commenced an adversary proceeding against GOE alleging, among other things, that GOE breached and wrongfully terminated the Construction Contract. [Adv. Pro. No. 09-3020, Doc. 1].[3] In its answer, GOE asserts a counterclaim for breach of contract. [*Id.*, Doc. # 22]. On September 1, 2009, that proceeding was stayed pending the completion of arbitration proceedings between GOE and Smith-Boughan. [*Id.*, Doc. ## 39, 54 & 60].

On August 28, 2009, GOE commenced this adversary proceeding against OFIC, seeking judgment for damages allegedly caused by Smith-Boughan's breaches of the Construction Contract and for which OFIC is allegedly jointly and severally liable under the Performance Bond. OFIC filed a timely answer and third party complaint against Smith-Boughan for indemnification. [Doc. # 10]. In it answer, OFIC specifically denied GOE's assertion that it has fulfilled conditions precedent to OFIC's obligations under the Performance Bond. [*Id.* at ¶ 15]. In its answer, OFIC avers that "all of the matters relating to performance under the contract between [GOE] and Smith-Boughan are to be determined in an arbitration which this Court has ordered to proceed and that, as a consequence, this action should be stayed until the ordered arbitration has been conducted." [*Id.* at ¶ 21]. On October 12, 2009, the parties filed a Stipulation, agreeing that this proceeding should be stayed pending completion of arbitration proceedings between GOE and Smith-Boughan or further order of this court, [Doc. # 12], and the court entered an order to that effect on October 13, 2009.

---

[2] The Performance Bond provides that
    If there is no Owner Default, the surety's obligation under this Bond shall arise after:
        3.1 The Owner has notified the Contractor and the Surety . . . that the Owner is considering declaring a Contractor Default and has requested and attempted to arrange a conference with the Contractor and the Surety . . . .
        3.2 The Owner has declared a Contractor Default and formally terminated the Contractor's right to complete the contract. . . .
        3.3 The Owner has agreed to pay the Balance of the Contract Price to the Surety in accordance with the terms of the Construction Contract or to a contractor selected to perform the Construction Contract in accordance with the terms of the contract with the Owner.
[Doc. 1, Complaint, ¶ 3 & Ex. C].

[3] The court takes judicial notice of the contents of its case docket. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it.

3

At status conferences in April and August 2010 in both this case and Adv. Pro. No. 09-3020, the court was informed that neither GOE nor Smith-Boughan had taken any steps to initiate the arbitration contemplated in the court's orders. On September 16, 2010, GOE's First Amended Joint Plan of Liquidation ("Plan") became effective, [*See* Case No. 08-35508, Doc. # 739], and all of GOE's remaining assets, including its claims against Smith-Boughan and OFIC, were transferred to the Liquidating Trust. Pursuant to a Settlement Agreement approved by the court between GOE, the Committee of Unsecured Creditors, PEA and others, on the effective date of the Plan, all of GOE and the Liquidating Trust's "rights, title and interest" in the claims against Smith-Boughan and OFIC were "deemed to have [been] assigned to the Assignee," identified as PEA in the Agreement.[4] [*Id.*, Doc. # 612 and attached Ex. 2, p. 5, ¶ 5].

At a status conference held on October 28, 2010, PEA informed the court that it had filed a demand for arbitration with the American Arbitration Association ("AAA") on October 22, 2010, naming Smith-Boughan, OFIC, and two other entities as parties to the arbitration. However, the American Arbitration Association has since determined that PEA did not meet "the minimum filing requirements" with respect to OFIC and removed OFIC from the proceeding. [*See* Doc. # 49, Ex. 1].

## LAW AND ANALYSIS

In its Motion, OFIC asks for limited relief from the court's October 13, 2009, order staying this proceeding in order that it may file and the court may decide a motion for summary judgment, the basis for which is GOE's alleged failure to comply with the conditions precedent to OFIC's obligations as set forth in the Performance Bond. OFIC argues that GOE has waived its right to arbitration of claims against OFIC by filing this adversary proceeding.[5] PEA responds that OFIC's Motion should be denied, relying on the agreement entered into by GOE, OFIC, and Smith-Boughan that is evidenced by the stipulation filed on October 12, 2009, the court's October 13, 2009, order staying this proceeding, and on the Construction Contract arbitration provision and the Performance Bond, which incorporates the provisions of the Construction Contract. PEA also argues that 9 U.S.C. § 3 requires that the entire proceeding be stayed if

---

[4] The Liquidating Trustee, who is not a party in this action, retains a residual interest in the proceeds of the claims by virtue of the agreement to share the net proceeds realized from the Construction Claims (as defined in the Settlement Agreement). [See Case No. 08-35508, Doc. # 612 and attached Ex. 2, p. 8, ¶ 8(C)].

[5] OFIC also argues that it is not a party to any arbitration agreement with PEA since GOE's assignment of its rights under the Bond to PEA was ineffective. According to OFIC, such assignment violated the clear terms of the Bond. It raised the same issue in its opposition to PEA's motion to intervene in this proceeding, arguing that PEA has no legal interest in this proceeding. However, the court granted PEA's motion, finding that the assignment of GOE's claim against OFIC was a valid assignment.

4

any issue within the proceeding is subject to arbitration.

The court first notes that the relief requested in OFIC's Motion is relief from the court's October 13, 2009, order. As stated above, that order stayed this proceeding pending the completion of arbitration proceedings between GOE and Smith-Boughan in Adv. Pro. No. 09-3020. It did not require OFIC to arbitrate the claim in this case. While OFIC voluntarily agreed to a stay of this proceeding pending arbitration of claims between GOE and Smith-Boughan, there has been no application for a stay pending arbitration of the claims asserted in *this* proceeding, and no order to that effect has been entered. Thus, the court ordered the stay not under the mandatory stay provision of the Federal Arbitration Act, 9 U.S.C. § 3, or its counterpart under Ohio law, Ohio Revised Code § 2701.02(B), but, rather, in the exercise of the court's inherent power to control its docket. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

The court also notes that OFIC is not a party in the arbitration proceeding. The Supreme Court has made it clear that the decision to stay litigation among nonarbitrating parties pending the outcome of arbitration is a decision that is left to the district court as a matter of its discretion." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21 n.23 (1983). In exercising its discretion, an important consideration "is whether [the] arbitrable claims predominate or whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision." *Rose v. Volvo Constr. Equip. N. Am., Inc.,* No. 1:05CV168, 2007 WL 846123, *13, 2007 U.S. Dist. LEXIS 19546, *40 (N.D. Ohio Mar. 20, 2007) (quoting *Klay v. Pacificare Health Sys., Inc.*, 389 F.3d 1191, 1204 (11th Cir.2004).

While the same operative facts form the basis of GOE's claim in this proceeding as in the breach of contract claims asserted in Adv. Pro. No. 09-3020, additional facts relating to GOE's fulfillment of the conditions precedent to OFIC's liability under the Bond that must be determined in this proceeding are not relevant to the adversary proceeding between Smith-Boughan and GOE. OFIC does not seek to lift the stay as to the breach of contract issues. It asks the court to lift the stay only as to the issues relating to the conditions precedent to its liability under the Performance Bond. To the extent that it prevails on these issues, this proceeding will be concluded. And because these issues are not relevant to the breach of contract claims alleged by Smith-Boughan and GOE in Adv. Pro. No. 09-3020, allowing OFIC to proceed to litigate the issues relating to the conditions precedent will not interfere with, or be duplicative of efforts

5

regarding, the arbitration of claims in Adv. Pro. No. 09-3020. Courts have declined to stay litigation where, as in this case, it is entirely feasible for the nonarbitrating party to proceed with litigation while arbitration is pending. *See Axa Equitable Life Ins. Co. v. Infinity Fin'l Group, LLC*, 608 F. Supp. 2d 1330, 13332 (S.D. Fla. 2009).

Moreover, although the court entered an order requiring arbitration in Adv. Pro. No. 09-3020 over two years ago, arbitration proceedings have not yet proceeded to a point that substantive issues are being addressed with respect to the breach of contract claim against Smith-Boughan. For this reason, and because the outcome of litigation regarding the conditions precedent to OFIC's liability under the Bond does not depend on the arbitrator's decision regarding the breach of contract claim, it would also be inefficient to continue to stay this proceeding with respect to issues relating to the conditions precedent.

For these reasons, and because there has been no request to compel arbitration of the claim asserted against OFIC in this proceeding, the court will grant OFIC's Motion and, in the exercise of its inherent power to control its docket, will permit OFIC to file a motion for summary judgment regarding the performance by GOE of conditions precedent to its liability under the Performance Bond.

Although the parties raise other arguments regarding the arbitrability of claims in this proceeding, because there has been no motion to compel arbitration and in light of the court's decision, it does not address those arguments.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that OFIC's Motion [Doc. # 27] be, and hereby is, **GRANTED**; and

**IT IS FURTHER ORDERED** that this court's October 13, 2009, order that this proceeding be held in abeyance pending completion of arbitration proceedings between Smith-Boughan, Inc. and GOE Lima, LLC, in Adv. Pro. No. 09-3020 is modified so as to permit OFIC to file, and the court to decide, a motion for summary judgment on issues relating to conditions precedent to OFIC's liability under the Performance Bond; and

**IT IS FINALLY ORDERED** that OFIC shall file its motion for summary judgment on or before **May 4, 2012.**